IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**HANNAH AUDRA-WEIG MUNOZ,**

      Plaintiff,

v.

**FARLEIGH WADA WITT,**

      Defendant.

No. 6:23-cv-00840-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion for Summary Judgment, ECF No. 7, filed by Defendant Farleigh Wada Witt. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set for the below, the motion is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury

could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## BACKGROUND

Defendant Farleigh Wada Witt, also known as Farleigh Wada Witt, P.C., is a law firm. Michelle M. Bertolino is a shareholder of Defendant and, as counsel for First Technology Federal Credit Union, filed an action against Plaintiff Hannah Audra-Veig Munoz in Marion County Circuit Court, Case No. 20CV13180. Bertolino Decl. ¶ 1. Judgment was entered against Plaintiff in the Marion County Circuit Court Case on June 29, 2020. Bertolino Decl. Ex. 2.

On March 6, 2023, Plaintiff sent a "Debt Validation Request" to Defendant. Bertolino Decl. Ex. 1. Defendant responded on March 9, 2023, by sending Plaintiff a letter giving the name and address of the original creditor; documents evidencing the

underlying debt; the Marion County Circuit Court lawsuit and judgment; as well as documents evidencing the writs of garnishment and collections. Bertolino Decl. Ex. 2. Defendants sent the documents to Plaintiff via FedEx and have provided evidence that the documents were delivered to Plaintiff on March 10, 2023. Bertolino Decl. Ex. 3.

On April 11, 2023, Defendant received a second Debt Validation Request from Plaintiff which was unsigned and undated. Bertolino Decl. Ex. 4. On April 17, 2023, Defendant again sent Plaintiff a packet of documents evidencing the underlying debt, the lawsuit, the judgment, the writs of garnishment and the collections. Bertolino Decl. Ex. 5. As with the first packet of documents, the second was shipped to Plaintiff via FedEx and was delivered on April 18, 2023. Bertolino Decl. Ex. 6.

Plaintiff originally filed this Fair Debt Collection Practices Act case in Marion County Circuit Court on May 8, 2023. Notice of Removal, Ex. 2. ECF No. 1. Defendant timely removed to this Court on June 9, 2023.

## DISCUSSION

In the Complaint, Plaintiff asserts that Defendants failed to "verify and validate" the underlying debt in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692g. Notice of Removal Ex. 2, at 2. Under the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection(a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the

> consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

Here, the unrebutted evidence is that Defendant received Plaintiff's debt validation request and promptly responded by sending Plaintiff documents evidencing the underlying debt, the name and address of the original creditor, a copy of the judgment, and records of the writs of garnishment and collections. These materials were delivered to Plaintiff's address. Plaintiff then sent a second request and Defendants promptly sent a second package of documents evidencing the debt, the name and address of the original creditor, the judgment, the writs of garnishment, and the collections efforts. This second packet was also delivered to Plaintiff.

Plaintiff objects that the documents were "a packet of photocopies of the alleged debt; hearsay claiming that the photocopies are valid for verification and validation." Pl. Resp. at 2. Plaintiff asserts that Defendant was required to provide "a statement from the original creditor, sworn under oath by someone authorized, willing and able to testify in court regarding this alleged debt," or "a notarized statement by a qualified representative of the original creditor that attests to the validity of the alleged debt[.]" *Id.* Of note, Plaintiff does not point to any provision of the FDCPA that requires what

she demand. Defendant twice sent Plaintiff the name and address of the original creditor; evidence of the underlying debt; a valid circuit court judgment issued against Plaintiff for the debt; copies of the writs of garnishment issued by the circuit court; and documents evidencing Defendant's collection efforts. This is more than sufficient to meet Defendant's obligations under § 1692g.

Plaintiff also disputes that she received Defendant's responses to her requests, but Defendant has provided evidence that both responses were delivered to Plaintiff and Plaintiff has not provided any evidence, or even a declaration, to support her assertion that the responses were not delivered.

The Court concludes that Defendant is entitled to summary judgment and so Defendant's Motion will be GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment, ECF No. 7, is GRANTED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 29th day of May 2024

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge